ALDACE F. WALKER *et al.* v. L. S. CAMBERN *et al.*
No. 112.

1. INJUNCTION — *all parties directly affected not before the court, will be denied.* An injunction will not be granted when the parties who are directly affected by its operation are not before the court.

2. —————— *denied if record shows real parties in interest not before the court.* Where the record shows that the defendants in an action for an injunction are only nominal parties, and that the real parties in interest have not been brought into court, and where the relief sought would bar the absent parties from their day in court, the court should refuse to grant the injunction, although the defendants who are before the court do not raise the question of a defect of parties either by demurrer or answer as required by sections 89 and 91 of the Code.

Error from Neosho District Court. Hon. L. Stillwell, Judge. Opinion filed March 3, 1897. *Affirmed.*

This action was brought by plaintiffs below to enjoin the officers of Neosho County, Kansas, and a school district, and Erie Township of that county, from levying a certain tax to be used in payment of a levee constructed in that county. The contractors who constructed the levee and to whom the money was to be paid, were not made parties to the suit, and the injunction was denied.

*A. A. Hurd, O. J. Wood, W. Littlefield,* and *J. L. Denison,* for plaintiffs in error.

*S. C. Brown,* for defendants in error.

DENNISON, P. J.   The question of a defect of parties defendant is presented to us in the brief of defendants in error. The plaintiffs in error contend, that, as the question was not raised in the court below either by demurrer or answer as required by sections

35—5 KAN. APP.

546     WALKER v. CAMBERN.

S. Dept.     Opinion.   Dennison, P. J.     5 Kan. App.

89 and 91 of the Code, it has been waived. So far as the rights of the defendants themselves are concerned this must be conceded. The record in this case, however, shows that the defendants in error are only nominal parties in interest. While they were necessary parties to the injunction, it is of no consequence to them whether the injunction is allowed or refused. Under the levee law of 1893, neither the county nor the Board of County Commissioners is liable until the assessments are collected and paid into the county treasury. If the injunction is allowed the assessment will never be collected. It does not make one penny difference to the county or to any of the county officers whether the assessments are ever collected or not. The only persons directly interested are the contractors who did the work. If the assessments are collected and paid into the county treasury they will get their pay. If they are not collected they will not. If this injunction is allowed they have no redress. They cannot recover from the county officers, nor from the railway company; they will be absolutely barred from any right to recover for their work.

If the rights of the contractors were not prejudiced by the injunction proceedings, the provisions of sections 89 and 91 of the Code would apply, and the question of a defect of parties defendant would not be considered by us. As their rights are affected, and, as their right to recover for their work will be absolutely barred if the injunction is allowed, the court very properly refused to grant the injunction. For aught that appears in the record the reason for refusing the injunction may have been that the real parties to be affected by the order were not in court. Our conclusions in this case are in entire harmony with the principle laid down in *State of Kansas v. Anderson*

WALKER v. CAMBERN.    547

March 3, 1897.    Opinion.    Dennison, P. J.    .    E. Div.

(5 Kan. 90). The opinion in that case was rendered in 1869, and has been quoted and followed, when applicable, down to the present time. In that case the question of a defect of parties was not raised in the trial by demurrer or answer, nor in the Supreme Court. The only question submitted to the court was the validity of a certain statute. The Supreme Court itself raised the question of a defect of parties. In delivering the opinion of the court, Chief Justice Kingman says :

"The only question argued in this court is the one submitted to the district court by the stipulation of the parties. But whatever may be the opinion of the court on that question, if the court below rightfully refused the injunction, we can do nothing more than affirm the decision ; and we think the court very properly refused to grant the injunction for the reason that the proper parties were not before it. The order sought in this case was not a preliminary injunction — the granting of which is permitted by the two hundred and thirty-eighth section of the code, but the final order or judgment in the case ; and it has uniformly been held as sound doctrine that the powers of injunction should be applied with the utmost caution. It is the strong arm of the court, and to render its operation benign and useful, it must be exercised with great caution, and when necessity requires it (2 Johns. Ch. 378), and one of the most essential prerequisites for a final injunction is that all persons interested in the subject-matter and result should be made parties. (See *Wiser v. Blackly*, 1 Johns. Ch. 438.) Chancellor Kent observed : ' You must have before the court all whose interests the decree may touch, because they are concerned to resist the demand, and prevent the fund from being exhausted by collusion.' The rule is so obviously proper that it needs no comment, nor to be supported by authority. In the case last referred to, it is stated that while such is the general rule, it is not of universal application, and cites some cases apparently relaxing the strict rule, but no one of them

is, in any regard, an authority for dispensing with the necessity in this case of bringing before the court the several railroad companies who are made by the act in question, and are shown by the petition to have a direct, positive, and very large interest in the decision of the question raised. If the act of the Legislature is held valid, the several companies receive the proceeds of the sale of 500,000 acres of selected lands; if it is held invalid, they lose that much — more need hardly be said to show their interest. Yet the argument might be amplified by showing that the defendant in the suit has no interest in the decision. He is the custodian of the fund merely, and it is of no consequence to him whether he is to pay it to the railroad company or to the school fund. He, so far as interest is concerned, is entirely indifferent; and while he is properly made a party to the suit, he is only nominally a party, without any interest in defending or resisting the prosecution of the suit. The real persons interested in the resistance of the prayer of the petition, and the only ones, are the railroad companies, and, without their being in court, no final order could be made ; and until they were made parties no order of any kind ought to be permitted. We think the court properly refused to grant the injunction on this ground. . . . It would not only be against the plain decisions in such cases, but would shock the sense of common justice of mankind, if a court should pass finally upon the merits of a question involving interests so direct and so vast, without the parties to be affected by the decision having had an opportunity to be heard in the court. In the language of Mr. Justice Tremble, delivering the opinion of the court in *Malone v. Hyde* ( 12 Wheat. 197 ), ' Such a proceeding would be contrary to all the rules which govern the courts of equity, and against the principles of natural justice ; ' and again the learned judge observes : ' We do not put this case upon the ground of jurisdiction, but upon a much broader ground, which must equally apply to all courts of equity, whatever may be their structure as to jurisdiction. We put it on the ground

*that no court* can adjudicate directly upon a person's rights without the party being either actually or constructively before the court.' Authorities without limit might be cited sustaining the same view, but it is not deemed necessary.''

The judgment of the District Court is affirmed.